IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN YORKEY,
      Plaintiff,

vs.                                              5:05cv55/LAC/MD

MIKE DAVIS, et al.
      Defendants.

---

### **REPORT AND RECOMMENDATION**

      This cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983.[1] Plaintiff has failed to either pay the filing fee of $150.00 or to submit a motion to proceed *in forma pauperis*. Typically, a plaintiff's case cannot proceed until he either pays the filing fee or files a properly completed *in forma pauperis* motion with supporting documentation. In the interest of judicial economy, because the plaintiff has included a printout from his inmate trust account reflecting his indigency, for purposes of the initial review of the complaint and preparation of this recommendation, the court will assume that leave to so proceed would be granted.

      When a plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."

---

[1] Title 42 U.S.C. §1983 governs cases filed against "state actors." Plaintiff's complaint should have been submitted on the forms for use in cases filed pursuant to Title 28 U.S.C. §1331 or 1346, governing actions against federal defendants. However, the applicable legal standards are virtually identical. Because the complaint is subject to summary dismissal, requiring the plaintiff to amend on the proper form would be futile.

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff is a federal prisoner housed at Federal Correctional Institution in Marianna, Florida. Named as defendants in this action are Corrections Counselor Mike Davis, Unit Manager Don Bard and Warden Monica Wetzel. Plaintiff alleges that Mike Davis has been "picking on" him because plaintiff is mentally ill. Plaintiff maintains that the orderlies at the institution take the floor stripper and wax and water it down and sell it to the other inmates who need it. When he complained about this to defendants Bard and Wetzel, his "cop-outs" were referred back to Davis. Davis then showed the plaintiff's complaint to the orderlies in question who now "rough [plaintiff] up all the time." Plaintiff states that neither Bard nor Wetzel took any action against Davis for his action. He also makes the general allegation that Davis "discriminated against his rights" on more than one occasion and that Davis, Bard and Wetzel "violated his rights." He seeks $8,000,000 in damages from each of the three defendants.

Although plaintiff has written the words "American Disability Act" on his complaint form (doc. 1 at 8), any basis for a complaint based on that statute is not apparent from either the complaint or attachments. Additionally, there is no apparent constitutional basis

for the complaint. With respect to plaintiff's claims against Davis, it is possible that the plaintiff intends to contend that defendant Davis did not protect him from the other inmates, a claim which would arise under the Eighth Amendment's prohibition on cruel and unusual punishment. In order to state a claim for cruel and unusual punishment, "there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature." *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (quoting *Wright v. El Paso County Jail,* 642 F.2d 134, 136 (5th Cir. 1981)). "An official's deliberate indifference to a known danger violates inmate's Eighth Amendment rights." *McCoy v. Webster*, 47 F.3d 404, 407 (11th Cir. 1995). Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833,114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994) (citations omitted); *Purcell ex. Rel. Estate of Morgan v. Toombs County, GA,* ___ F.3d ___, 2005 WL 428412 (11th Cir. 2005)*; Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety. *Farmer,* 511 U.S. at 834, 114 S.Ct. at 1977; *Purcell; Galloway, supra*. To be held liable under the Eighth Amendment for failing to prevent an attack from other inmates, a correctional official must be found to have known and recklessly disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837,114 S.Ct. at 1979; *Purcell ex. Rel. Estate of Morgan v. Toombs County, GA,* ___ F.3d ___, 2005 WL 428412 (11th Cir. 2005) (plaintiff must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.") (citation omitted). When officials become aware of threats to an inmate's health and safety, the Eighth Amendment proscription against cruel and unusual punishment imposes a duty to provide reasonable protection. *McCoy*, 47 F.3d at 407; *Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1027 (11th Cir. 2001).

It is not appropriate to use hindsight to determine whether conditions of confinement amounted to "cruel and unusual" punishment. *Purcell ex. Rel. Estate of Morgan v. Toombs*

County, GA, ___ F.3d ___, 2005 WL 428412 (11th Cir. 2005) (citing *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.1990)). Whether an officer was aware of a risk of serious harm may be deduced from circumstantial evidence such as the obviousness of the situation confronting the officer. *Farmer*, 511 U.S. at 841, 114 S.Ct. at 1981. The risk of attack must have been substantial, beyond mere possibility. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam), *cert*. *denied*, 496 U.S. 928 (1990). Absent special circumstances, general hostilities exhibited by prisoners do not alone amount to a "substantial risk of serious harm." *See Galloway*, 352 F.3d at 1349 (mere awareness of inmates's "generally problematic nature" insufficient); *Brown*, 894 F.2d at 1537 (finding defendants informed of "racial problem" in victim's cell not liable). Furthermore, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844, 114 S.Ct. at 1982-83. The plaintiff's allegations in this case are far too vague to state a claim for an Eighth Amendment violation, and it does not appear from a review of the complaint and the administrative grievances that plaintiff could state such a claim. Although he asserts in several of the administrative grievances filed with the complaint that defendant Davis "put [his] life in danger," there is no suggestion whatsoever in those grievances that either violence or injury resulted, or that the inmate orderlies did anything other than express their anger about the cop-outs plaintiff had written. And, his assertion raised for the first time in the complaint that the inmates "rough him up" all the time is insufficient to form the basis for a constitutional claim against Davis under applicable law. Davis' actions as described by plaintiff were arguably inadvisable or inconsiderate, but this is not tantamount to a constitutional violation. Plaintiff has failed to state an Eighth Amendment claim against defendant Davis.

To the extent that plaintiff claims he is being "picked on," claims of verbal harassment is not cognizable under section 1983. As the Fifth Circuit has stated:

> as a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations .... Were a prisoner ... entitled to a jury trial each time he was threatened with violence by a prison guard, even

though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits ....

*McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (quotations and citations omitted). *See also Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)(mere allegations of verbal abuse do not present actionable Section 1983 claim); *Swoboda v. Dubach* 992 F.2d 286, 290 (10th Cir. 1993)(allegations that officers threatened to kill inmate not cognizable under Section 1983); *Hopson v. Fredricksen*, 961 F.2d 1374, 1378 (8th Cir. 1992)(mere verbal threats generally do not constitute a Section 1983 claim); *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993)(verbal harassment of prisoner failed to state a claim under the Eighth Amendment because the words did not terrorize the inmate with a threat of death); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997); *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Ivey v. Williams*, 832 F.2d 950, 955 (6th Cir. 1987); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973). Not only eighth amendment claims are barred. Several courts have held that verbal threats and harassment by a government official do not generally violate substantive due process. *Evans v. City of Zebulon, GA,* 351 F.3d 485, 2003 WL 22707338 *9 (11th Cir. 2003) vacated by 364 F.3d 1298 (11th Cir. 2004); (citing King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir. 1997); *Robertson v. Plano City*, 70 F.3d 21, 24 (5th Cir. 1995); *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir.1991)). "The Constitution does not protect against all intrusions on one's peace of mind." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir.1991). Thus, plaintiff's vague claim of being "picked on" does not state a constitutional claim.

Plaintiff's claims against Wetzel and Bard arise only out of their alleged failure to supervise or take action against defendant Davis for his alleged transgressions against the plaintiff. *Respondeat superior*, without more, does not provide a basis for recovery. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection

between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003); see also *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). Thus, one cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of plaintiff's constitutional rights. *Marsh, supra; Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995). The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone, supra,* (quoting *Gonzalez v. Reno*, __ F.3d at __, 2003 WL 1481583, at *5 (quoting *Braddy v. Fla. Dept. of Labor & and Employment*, 133 F.3d 797, 802 (11th Cir. 1998))); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir. 1985). A supervisor ordinarily cannot be held liable under a *respondeat superior* theory for the acts and omissions of individuals acting in contravention to policy. *Tittle v. Jefferson County Commission,* 10 F.3d 1535, 1540 (11th Cir. 1994). However, the causal connection may be established when a supervisor's " 'custom or policy ... result[s] in deliberate indifference to constitutional rights' " or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (quoting *Gonzalez,* __ F.3d at __, 2003 WL 1481583, at *5 (quoting *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991))); *Hartley v. Parnell*, 193 F.3d 1263 (11th Cir. 1999); see also *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1560-61 (11th Cir. 1993). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Cottone, supra,* (quoting *Gonzalez*, __ F.3d at __, 2003 WL 1481583, at *4 (internal quotation marks and citation omitted)). Even liberally construed, plaintiff's allegations against Wetzel and Bard do not state a claim.

Finally, the attachments to the complaint show that plaintiff has not exhausted his administrative remedies. Failure to have exhausted administrative remedies is grounds for dismissal of plaintiff's case. *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998);

*Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000). The exhaustion requirement applies to all inmate suits about any aspect of prison life, including cases in which plaintiffs seek only monetary damages. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct.1819, 1825, 149 L.Ed.2d 958 (2001). The lone issue that plaintiff appears to have appealed is one for "unprofessional, inappropriate conduct or misconduct by staff." The final two levels of appeal were denied on procedural grounds as untimely. Even if the plaintiff's appeals had been fully considered on their merits, the facts as presented by plaintiff in the institutional grievances do not set forth constitutional claims.

Based on the foregoing, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 23rd day of March, 2005.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).